Schultz v. Larkin.

| 53 | 223 |
| 53 | 316 |

ALBERT SCHULTZ, Appellant, v. JOHN LARKIN *et al.*, Respondents.

St. Louis Court of Appeals, March 7, 1893.

Mechanics' Liens: VENUE OF ACTION: JUSTICES' COURTS. An action to enforce a mechanics' lien must be brought in the county where the land sought to be charged is situated. This rule applies to actions instituted in justices' courts.

*Appeal from the St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

REVERSED.

*J. H. Trembley*, for appellant.

*John Johnston*, for respondents.

BOND, J.—This was a mechanics' lien suit brought by appellant before a justice of the peace in St. Louis county. Special judgment was rendered against the property. The transcript was filed in the circuit court, whereupon a general execution was issued against respondent and levied on the property sought to be charged. Respondent moved to quash said execution for want of jurisdiction, which motion was sustained, and appellant has appealed.

When the suit was instituted, all the parties thereto, including the original contractor who was made a co-defendant with the respondent, were nonresidents of St. Louis county. Defendants not being served, constructive notice was given them under section 6163 of the Revised Statutes, 1889. Respondent Larkin appeared and took part in the trial.

The decision in this case must rest upon the proposition whether sections 6163 and 6164 and section 6126 are reconcilable. If they are not, then it necessarily results that the provisions of the first sections above named must be considered as an exception to the rule laid down in section 6126. Section 6126 merely provides where an action shall be commenced. Now, in mechanics' lien suits, jurisdiction is conferred upon justices by section 6159, and the article makes no provisions where suit shall be brought, except that section 6160 provides that the process and proceedings in such a case shall *as nearly as practicable* be the same as provided by law in other suits before justices of the peace. The article does not in express terms provide that the suit must be commenced before some justice in the county where the property sought to be charged with

the lien is situated, nor does the general mechanics' lien law provide so in express terms, and yet it results from the very nature of the action that it must be commenced there. *Carr v. Coal Co.*, 96 Mo. 149, 155.

As we must assume that the legislature, in enacting sections 6163 and 6164, was aware of the fact that the suit must be instituted within the territorial jurisdiction of the justice where the *property is situated*, it reasonably follows that it intended by those sections to provide for the case where the persons of the defendants were not within the same territorial jurisdiction with the property sought to be affected. The words, *"If any of the defendants cannot be summoned,"* were intended to provide for that very case, otherwise they are meaningless; and we are bound to give effect to them if we can. The judgment herein is, therefore, reversed. All concur.